In the Matter of BERNARD J. LAFFER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 6, 1986

## APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Judith Bader-York* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Bernard J. Laffer, who was admitted to the Bar by the Appellate Division, Second Department, on September 7, 1977, submitted an affidavit dated October 4, 1985, in which he tenders his resignation as an attorney and counselor-at-law (see, Rules of the Appellate Division, First Department [22 NYCRR] § 603.11).

Respondent acknowledges that he is the subject of an investigation by the Departmental Disciplinary Committee and the subject of a motion to disbar currently before this court. In his affidavit, respondent admits that various charges were brought against him, *inter alia,* that he has neglected at least 18 criminal proceedings entrusted to him. He also admits accepting fees in many of these matters and failing to return them. In addition, in one matter the complainant sued respondent for return of a $200 retainer and obtained a default judgment from Small Claims Court on April 19, 1983, which judgment respondent failed and refused to pay. Respondent also admits he misrepresented to a client the outcome of a motion which was made in Federal court. Thus, while the motion to reopen a Federal conviction of his client was denied, respondent told the client and his parents that the motion had not yet been decided.

Respondent was suspended from practice by an order of this court dated February 16, 1984, because of his total failure to cooperate with the Disciplinary Committee with respect to its investigation of the various complaints. However, respondent failed to file an affidavit of compliance with the suspension order as required by the Appellate Division rules (22 NYCRR 603.13). In addition, respondent admits that while suspended he agreed to represent a client and at no time did he inform the client that he had been suspended by the Appellate Division.

Respondent acknowledges that there is currently pending against him a motion to disbar based upon his failure to comply with the court's order of February 16, 1984, suspending him from practice. He admits in reference to the allegations contained in various complaints made against him that he would have no meritorious defense to any charge of misconduct that might be predicated upon the misconduct under

investigation and that he could not successfully defend himself on the merits against these charges. He indicates that his resignation is made freely and voluntarily without coercion or duress and that he is fully aware of the implications and consequences of his resignation.

Under the circumstances herein, respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that his name be stricken from the roll of attorneys and counselors-at-law, effective immediately.

KUPFERMAN, J. P., SANDLER, ASCH, BLOOM and ROSENBERGER, JJ., concur.

Respondent's resignation is accepted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.